No. 26-4105

# United States Court of Appeals
*for the*
# Fourth Circuit

UNITED STATES OF AMERICA,

*Plaintiff/Appellee,*

– v. –

DILQUON BEST, a/k/a Quon, a/k/a DQ,

*Defendant/Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA AT NEWPORT NEWS

# OPENING BRIEF OF APPELLANT

PAUL G. BEERS
GLENN, FELDMANN,
DARBY & GOODLATTE
Post Office Box 2887
Roanoke, Virginia 24001
(540) 224-8035

*Counsel for Appellant*

COUNSEL PRESS (800) 4-APPEAL • [815650]

# TABLE OF CONTENTS


TABLE OF AUTHORITIES .......... ii

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION .......... 1

STATEMENT OF THE ISSUE .......... 1

STATEMENT OF THE CASE AND FACTS .......... 2

I. Procedural History .......... 2

A. Second Superseding Indictment .......... 2

B. The Trial .......... 3

C. The Post-Trial Dismissal Of Count Two .......... 3

D. The PSR .......... 4

E. The Sentencing .......... 5

II. Statement of Relevant Facts .......... 6

SUMMARY OF THE ARGUMENT .......... 8

ARGUMENT .......... 9

Standard of Review .......... 9

THE DISTRICT COURT COMMITTED REVERSIBLE ERROR BY REFUSING BEST'S REQUEST FOR A SPECIFIC UNANIMITY JURY INSTRUCTION WITH RESPECT TO THE THIRD AND FOURTH ESSENTIAL ELEMENTS OF THE CONTINUING CRIMINAL ENTERPRISE CHARGED IN COUNT ONE .......... 9

CONCLUSION .......... 16

REQUEST FOR ORAL ARGUMENT .......... 16

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

Cases


Richardson v. United States,
526 U.S. 813 (1999) .......... 10, 12, 13

United States v. Garcia Abrego,
141 F.3d 142 (5th Cir. 1998) .......... 13

United States v. Harris,
209 F.3d 156 (2nd Cir. 2000) .......... 13

United States v. Hassler,
992 F.3d 243 (4th Cir. 2021) .......... 9, 15

United States v. Hernandez-Vega,
235 F.3d 705 (1st Cir. 2000) .......... 13

United States v. Jerome,
942 F.2d 1328 (9th Cir. 1991) .......... 15, 16

United States v. Long,
190 F.3d 471 (6th Cir. 1999) .......... 13

United States v. Miltier,
882 F.3d 81 (4th Cir. 2018) .......... 9

United States v. Rea,
621 F.3d 595 (7th Cir. 2010) .......... 13

United States v. Roane,
378 F.3d 382 (4th Cir. 2004) .......... 11, 13, 14, 15

United States v. Rockelman,
49 F.3d 418 (8th Cir. 1995) .......... 13

United States v. Stitt,
250 F.3d 878 (4th Cir. 2001) .......... 9, 11, 13, 14, 15

United States v. Thomas,
32 F.4th 420 (4th Cir. 2022) .......... 10

Constitutional Provisions

U.S. Const. Amend. VI ........................................ 14

Statutes

18 U.S.C. § 1956 ........................................ 2
18 U.S.C. § 3231 ........................................ 1
21 U.S.C. § 841 ........................................ 2
21 U.S.C. § 843 ........................................ 3
21 U.S.C. § 846 ........................................ 4
21 U.S.C. § 848 ........................................ 2, 4, 8, 9, 10, 11, 12, 13, 15, 16
28 U.S.C. § 1291 ........................................ 1
28 U.S.C. § 2255 ........................................ 14

Rules and Regulations

Fed. R. App. P. 28(a)(6) ........................................ 6
Fed. R. Crim. P. 32 ........................................
Fed. R. Crim. P. 52 ........................................ 14

Other Authorities

United States Sentencing Guidelines ........................................ 4

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The United States District Court for the Eastern District of Virginia had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. On February 19, 2026, Appellant Dilquon Best ("Best") filed his Notice of Appeal to the United States Court of Appeals for the Fourth Circuit (JA3635-3636) with respect to the district court's Judgment, which was imposed on February 13, 2026, and entered five days later (JA1-7). The district court in that Judgment sentenced Best to a total of 288 months in prison on three offenses of conviction followed by a supervised release term totaling five years. (JA2-3.)

28 U.S.C. § 1291 provides the United States Court of Appeals for the Fourth Circuit with jurisdiction over Best's single-issue appeal.

## STATEMENT OF THE ISSUE

WHETHER THE DISTRICT COURT COMMITTED REVERSIBLE ERROR BY REFUSING BEST'S REQUEST FOR A SPECIFIC UNANIMITY JURY INSTRUCTION WITH RESPECT TO THE THIRD AND FOURTH ESSENTIAL ELEMENTS OF THE CONTINUING CRIMINAL ENTERPRISE CHARGED IN COUNT ONE?

# STATEMENT OF THE CASE AND FACTS

## I. Procedural History

### A. Second Superseding Indictment

A grand jury empaneled by the United States District Court for the Eastern District of Virginia on April 18, 2024, charged Best in five counts of a multi-defendant Second Superseding Indictment. (JA29-175.) Best was named in Counts One, Two, and Three as a participant in three, continuous criminal schemes between 2017 and 2024 involving drug trafficking in Virginia, California and other states. In Count One, the grand jury charged Best and co-defendant Cortez Bumphus ("Bumphus") with engaging in a continuing criminal enterprise ("CCE") proscribed by 21 U.S.C. §§ 841(a)(1) and 848(a). (JA32.) In Count Two, Best was charged with conspiracy to distribute marijuana and other controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. (JA33-35.) Financial misconduct was the subject of Count Three. Best in that count was accused of conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h). (JA36-37.)

Best was the lone defendant named in Counts Four and Five, both of which charged that he committed substantive offenses during the prolonged period covered by the first three counts. In Count Four, which the district court subsequently dismissed on July 24, 2025, at the request of the United States, Best was charged with possessing marijuana with distributive intent on June 6, 2022. (JA38). The

grand jury alleged in Count Five that on May 3, 2023, Best transgressed 21 U.S.C. § 843(b) by using a communication facility (a cellphone) to commit a drug trafficking felony. (JA39.)

B. The Trial

After pleading not guilty to the five offenses alleged against him in the Second Superseding Indictment, Best proceeded to trial along with three co-defendants. The trial began on July 8, 2025, and ran for more than three weeks. (JA176-3388.) On July 30, 2025, the jury found Best guilty as charged on Counts One, Two,[1] Three, and Five (Count Four was dismissed mid-trial.) (JA3364.) After discharging the jury, the trial judge directed the United States Probation Office ("Probation Office") to prepare a presentence investigation report ("PSR") in accordance with Rule 32 of the Federal Rules of Criminal Procedure.

C. The Post-Trial Dismissal Of Count Two

Immediately after jurors returned their verdicts, Best and co-defendant Cortez Bumpus ("Bumpus") jointly moved that the district court dismiss on double jeopardy grounds Count Two (conspiracy to traffic marijuana) as a lesser included offense of Count One (continuing criminal enterprise involving marijuana distribution).

[1] In its special verdict on Count Two, the jury attributed to Best 1,000 kilograms or more of marijuana. (JA3442.)

(JA3386-3387.) The court took the motion under advisement pending briefing by the parties. (JA3387.)

On August 28, 2025, the prosecution filed a brief acknowledging that conspiracy under 21 U.S.C. § 846 is a lesser included offense of a CCE under 21 U.S.C. § 848. Therefore, the government conceded, convictions for both conspiracy and CCE based on the same underlying facts cannot withstand a double jeopardy objection. As a result, the government wrote, ". . . one of the convictions must be vacated." (Dist. Ct. ECF No. 1505 at 2.)

In an eight-page Order entered October 30, 2025 (JA3444-3451), the district court unconditionally dismissed the convictions of Best and Bumpus for conspiracy (Count Two). The court rejected the government's request that the dismissal be contingent upon survival of the defendant's CCE convictions on appeal. (JA3451.)

D. The PSR

The Probation Office issued a PSR, which it later revised and finalized on February 9, 2026. (JA3648-3677.) Applying the United States Sentencing Guidelines ("the Guidelines" or "U.S.S.G."), the Probation Office grouped Best's convictions on Counts One (CCE), Three (conspiracy to money launder), and Five (use a communication device in furtherance of drug trafficking). The Probation Office found Best's total offense level under the Guidelines was 38, while his criminal history fell within Category II. (JA3661; JA3663.) These findings

produced an advisory Guidelines imprisonment range of 262-327 months. In any event, the following statutory mandates circumscribed the judge's sentencing discretion:

> Count One: A mandatory minimum carceral term of 20 years with a maximum of life;
> Count Three: up to 20 years in prison;
> Count Five: up to four years in prison.

(JA3670.)

E. The Sentencing

The district court held a sentencing hearing on February 13, 2026. (JA3539-3634.) After resolving an outstanding objection to the PSR, listening to counsel argue their respective positions on punishment, and affording Best an opportunity to allocute, the court below sentenced him to 288 months imprisonment. "This term consists of 288 months on Count 1, a term of 240 months on Count 3, and a term of 48 months on Count 5 -- all to be concurrent," the court announced. (JA3630.) The judge imposed a five-year term of supervised release. Id.

The court memorialized its sentencing decision in a final Judgment on February 18, 2026. (JA1-7.) Best noted a timely appeal. (JA3635-3636.)

## II. Statement of Relevant Facts[2]

Commercial airline passengers carrying suitcases filled with cash and controlled substances played a critical part in the lucrative, multi-state scheme Best was charged with supervising. Lux Auto, a used car lot in Hampton, Virginia, served as the base for this marijuana distribution conspiracy. (JA1113.) Substantial amounts of marijuana acquired by conspirators in California and other states were stored in vehicles parked at Lux Auto as well as in commercial containers leased by members of the enterprise in nearby Newport News. (JA472.)

State and federal agents who testified at trial recounted extensive investigative devices they deployed to track the conspirators' coast-to-coast trafficking. Surveillance and tracking operations included controlled purchases of contraband substances, search warrants, airport interdictions, video recordings, telephone taps, and other forms of data interception. Financial tracing exposed illicit transactions millions of dollars transmitted through bank accounts connected to defendants and peer-to-peer accounts from 2017 to 2024.

[2] Because Best does not challenge the evidentiary sufficiency of his convictions, he summarizes the facts adduced at trial rather than stating them in detail. Fed. R. App. Proc. 28(a)(6) (requiring appellant's opening brief to contain, inter alia, "a concise statement of the case setting out the facts relevant to the issues submitted for review, . . . ."). In keeping with the controlling standard of review, Best outlines the facts in the light most favorable to the government as the prevailing party below.

Recruitment and payment of couriers traveling by air was at the heart of this relatively profitable and enduring scheme. Between August 2020 and January 25, 2023, federal agents interdicted couriers at airports along the eastern seaboard. These seizures garnered $400,000 in cash related to marijuana purchases or sales by the network identified in the Second Superseding Indictment.

Airport interdictions also led to seizures of marijuana. Between January 2021 and August 2023 nearly 1,000 pounds of marijuana was uncovered by agents at airports. Intercepted communications and airline records suggest the enterprise was importing about 1,000 pounds of the narcotic into Virginia each week on average during its operation.

Top level members of the conspiracy purchased marijuana in bulk from west coast suppliers. Taking direction from these upper echelon figures, mid-level members of the conspiracy enlisted couriers with benign criminal histories to tote the drugs in suitcases while boarding planes bound for mid-Atlantic airports, including Richmond. Couriers also flew in the opposite direction, carrying bags teeming with cash onto flights from Richmond and other airports to California. Couriers usually earned $1,500 for each trip. (JA1133; JA1448.)

Best was an upper tier member of this loose confederation or alliance of marijuana traffickers.[3] He negotiated with suppliers of the drug in California and Georgia and arranged for distribution of the purchased products in Virginia. Judicially authorized telephone interceptions captured Best discussing interstate travel by the couriers (or "flyers").

The government also presented evidence of Best's frequent communications with his paramour, Camille Smith, a co-defendant who turned witness for the prosecution. Smith, who conducted more than a few transactions with drug proceeds, pleaded guilty to conspiracy. (JA2016.)

## SUMMARY OF THE ARGUMENT

Best's CCE conviction (Count One) should be vacated because the district court refused to instruct jurors they must unanimously agree on the identities of the five or more persons he allegedly organized, supervised, or managed within the meaning of 21 U.S.C. § 848(c).

[3] Best was incarcerated for about a year beginning in December 2019.

# ARGUMENT

## Standard of Review

Best's challenge to the district court's jury instructions on the CCE charged in Count One of the Superseding Indictment hinges upon legal considerations. This argument is reviewed on appeal either de novo or, alternatively, for abuse of discretion. United States v. Stitt, 250 F.3d 878, 888 (4th Cir. 2001) ("We review allegations of a constitutionally defective jury instruction de novo."); see United States v. Hassler, 992 F.3d 243, 246 (4th Cir. 2021) ("We review a district court's decision to give a particular jury instruction for abuse of discretion, and review whether a jury instruction incorrectly stated the law de novo.") (quoting United States v. Miltier, 882 F.3d 81, 89 (4th Cir. 2018)). Under either standard of review, the Court will set aside a verdict if "'the erroneous instruction *seriously* prejudiced the challenging party's case.'" Hassler, 992 F.3d at 246 (quoting Miltier, 882 F.3d at 89) [emphasis in original].

**THE DISTRICT COURT COMMITTED REVERSIBLE ERROR BY REFUSING BEST'S REQUEST FOR A SPECIFIC UNANIMITY JURY INSTRUCTION WITH RESPECT TO THE THIRD AND FOURTH ESSENTIAL ELEMENTS OF THE CONTINUING CRIMINAL ENTERPRISE CHARGED IN COUNT ONE.**

To convict Best and his co-defendant Bumphus on Count One the prosecution had to prove they engaged in a "continuing criminal enterprise," as defined in 21 U.S.C. § 848(c). This statutory definition is quoted below:

> (c) "Continuing criminal enterprise" defined.
> For purposes of subsection (a), a person is engaged in a continuing criminal enterprise if—
> (1) he violates any provision of this title or title III the punishment for which is a felony, and
> (2) such violation is a part of a continuing series of violations of this title or title III—
>
> > (A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and
> > (B) from which such person obtains substantial income or resources.

21 U.S.C. § 848(c).

Reduced to its essentials, Congress' definition of "continuing criminal enterprise" required the United States at trial to prove five elements beyond a reasonable doubt.

> (1) Best committed a federal controlled substance felony;
> (2) The drug felony was part of a continuing series of three or more related controlled substance trafficking offenses over the specific period alleged in the Second Superseding Indictment;
> (3) Best acted in concert with five or more people;
> (4) Best was an organizer, supervisor, or manager of those five or more confederates;
> (5) Best reaped substantial income or resources from the enterprise.

United States v. Thomas, 32 F.4th 420, 426 (4th Cir. 2022) (delineating five elements of 21 U.S.C. § 848(c)).

Citing Richardson v. United States, 526 U.S. 813 (1999), defense lawyers for Best and Bumphus during the charging conference below jointly requested a unanimity

instruction with respect to the third and fourth of these elements. Specifically, counsel for Bumphus asked the trial judge to instruct jurors,

> . . . [Y]ou must unanimously agree on the five or more persons . . . .

(JA2970.)

Prosecutors opposed the defense's request for that particular instruction. "What I would object to is you must unanimously agree on the five or more persons," the prosecutor responded. (JA2970.) The government directed the trial judge to United States v. Stitt, 250 F.3d 878 (4th Cir. 2001) and United States v. Roane, 378 F.3d 382 (4th Cir. 2004) as binding Fourth Circuit authority for the proposition that provided jurors unanimously conclude a defendant acted in concert with at least five persons, they need not unanimously agree on the identity of those five individuals. "Unanimous agreement on the identity of each supervisee is not required," the government's counsel maintained. (JA2971.)

The trial judge sided with the government. Over the preserved objection of both Bumphus and Best, Judge Wright Allen refused their request for a unanimity instruction on the third and fourth elements of 21 U.S.C. § 848.

> The Court: Okay. So I will note your objection, [counsel for Bumphus], to the Court not including you must unanimously agree on the five or more persons.
>
> [Counsel for Best]: And Mr. Best joins in that objection, Your Honor.
>
> The Court: And Mr. Best.

(JA2972.)

Best's conviction on Count One should be reversed for instructional error. The United States Court of Appeals for the Fourth Circuit should extend Richardson, 526 U.S. at 816 and join the Ninth Circuit in holding that a defendant such as Best is entitled to a specific unanimity instruction regarding the identities of the "five or more persons" he allegedly managed or supervised. See 21 U.S.C. § 848(c).

The question presented here was left unresolved by the Richardson Court. The issue in Richardson was whether in a CCE trial jurors must reach unanimity on the particular "violations" which taken together satisfy the "series of violations" element of 21 U.S.C. § 848(c). The United States argued against imposition of any such unanimity requirement. A special unanimity instruction on the "series of violations" element (element two) was inappropriate, prosecutors urged, because unanimity is not necessary with respect to elements three, four, and five. In a majority opinion written by Judge Breyer, the Supreme Court rejected the government's position and instructed the Seventh Circuit to review this instructional error for harmlessness on remand. Richardson, 526 U.S. at 824 (holding Section 848(c) "requires jury unanimity in respect to each individual 'violation.'").

In reaching this conclusion, the Supreme Court explicitly declined to decide whether the government was correct that no similar unanimity instruction was necessary with respect to the "five or more persons" elements of the same statute, 21 U.S.C. § 848(c). Richardson, 526 U.S. at 824 ("Assuming, without deciding, that

there is no unanimity requirement in respect to these other provisions, we nonetheless find them significantly different from the provision before us.").

As the government's trial counsel pointed out during the charging conference below (JA2970-2972), the United States Court of Appeals for the Fourth Circuit in Richardson's wake published two decisions which concededly undermine Best's appellate position that he was entitled to a unanimity instruction on the "five or more persons" elements of Section 848(c). United States v. Roane, 378 F.3d 382, 399 (4th Cir. 2004); United States v. Stitt, 250 F.3d 878, 885-87 (4th Cir. 2001).[4] But neither of those Fourth Circuit opinions is dispositive because the standards of review in Stitt and Roane differed markedly from the standard which controls Best's appeal.

Following his trial and conviction on a Section 848(a) charge, the defendant in Stitt assailed the district court's CCE instructions for the first time on appeal. Relying upon Richardson, which post-dated his trial, Stitt argued his conviction should be vacated for plain error. Reversal was warranted because the trial judge ". . . did not instruct the jury that it had to be unanimous as to which three violations

[4] The Fourth Circuit's longstanding view, as expressed in Stitt and Roane, aligns with that of the majority of circuits. See, e.g., United States v. Rea, 621 F.3d 595, 604 (7th Cir. 2010); United States v. Hernandez-Vega, 235 F.3d 705, 708 (1st Cir. 2000); United States v. Harris, 209 F.3d 156, 162 (2nd Cir. 2000); United States v. Long, 190 F.3d 471, 475 (6th Cir. 1999); United States v. Garcia Abrego, 141 F.3d 142, 164 (5th Cir. 1998); United States v. Rockelman, 49 F.3d 418, 421 (8th Cir. 1995).

of Title 21 constituted the series of transactions that made up the CCE and as to which five persons Stitt managed or supervised during the CCE," Stitt's counsel asserted. Stitt, 250 F.3d at 882.

Applying plain error review under Rule 52(b) of the Federal Rules of Criminal Procedure, the Stitt Court rejected this challenge to the trial court's CCE instructions. Unanimity is necessary under the Sixth Amendment on all essential elements of the offense, the Fourth Circuit reasoned. But the jury need not reach unanimity as to the identities of the five supervisees. Their identities are preliminary factual issues rather than statutory elements. "Accordingly," the Court wrote, "we conclude that the district court did not err by failing to give an instruction requiring that the jury agree unanimously on which five underlings Stitt managed, organized, or supervised." Id. at 887.

The Fourth Circuit echoed this conclusion three years later in United States v. Roane, 378 F.3d 382 (4th Cir. 2004) when it denied a federal habeas corpus petition under 28 U.S.C. § 2255. The Roane Court summarily rejected the petitioner's instructional error argument, which he had not raised in the district court on either direct or collateral review. Roane, 378 F.3d at 399.

Unlike Stitt and Roane, the instant appeal is not delimited by the rigors of plain error review under Rule 52(b). Because Best preserved this instructional issue at the charging conference below (JA2971-2972), it is subject to de novo scrutiny.

Alternatively, the preserved objection is reviewable for abuse of discretion. United States v. Hassler, 992 F.3d 243, 246 (4th Cir. 2021); Stitt, 250 F.3d at 246 (reviewing preserved constitutional objection to instructions de novo).

Examining Best's Section 848(a) instructional argument through either appellate lens, the Court should overrule or distinguish Stitt and Roane and follow instead the better reasoned approach of the United States Court of Appeals for the Ninth Circuit in United States v. Jerome, 942 F.2d 1328, 1330-31 (9th Cir. 1991).[5]

In Jerome, 942 F.2d at 1328, the defendant for the first time on appeal contended the trial judge erroneously failed to instruct jurors they must unanimously identify at least five persons he purportedly managed or supervised. The Ninth Circuit agreed, holding a trial court ". . . must give the jurors a specific unanimity instruction – that is the jurors had to be instructed that they must unanimously agree as to the identity of each of the five people [defendant] organized, managed or supervised." Jerome, 942 F.2d at 1331. The trial court's failure to deliver a unanimity instruction was sufficiently prejudicial to require reversal, even on plain error review. "The failure of the court so to instruct was highly prejudicial, with a

[5] Even if, despite the different standard of review applicable here, the doctrine of interpanel accord prevents the United States Court of Appeals for the Fourth Circuit from abrogating Stitt and Roane at this appellate stage, Best nonetheless advances his argument to preserve the point for en banc and certiorari purposes.

high probability of substantially affecting the jury verdict," the Ninth Circuit aptly observed. Id.

The United States Court of Appeals for the Fourth Circuit should overrule or depart from its own precedent and embrace instead the Jerome Court's analysis. Just as in Jerome, here "[t]he jury in this case was presented with a variety of persons that the prosecution told them could count in making up the five persons necessary to trigger the statute." Jerome, 942 F.3d at 1331. The specific unanimity instruction Best requested would have ensured some jurors did not convict on the basis of one set of facts while others convicted ". . . on the basis of another set of facts." Id.

## CONCLUSION

For the foregoing reasons, the Court should vacate his conviction on Count One of the Second Superseding Indictment and remand for a new trial and resentencing.

## REQUEST FOR ORAL ARGUMENT

Appellant respectfully requests oral argument so that he might answer questions from the Court about his Section 848(c) argument.

Respectfully submitted,

By: /s/Paul G. Beers
Of Counsel

Paul G. Beers (VSB # 26725)
Glenn, Feldmann, Darby & Goodlatte
111 Franklin Road, S.E., Suite 200
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone (540) 224-8035
Facsimile (540) 224-8050
E-mail: pbeers@glennfeldmann.com

Counsel for Dilquon Best

# CERTIFICATE OF COMPLIANCE

1. This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

   [ X ] this brief contains [*3,396*] words.

   [ ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2. This brief complies with the typeface and type style requirements because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 365*] in [*14pt Times New Roman*]; *or*

   [ ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: August 27, 2026

/s/ Paul G. Beers
*Counsel for Appellant*

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 27th day of August, 2026, I caused this Brief of Appellant and Joint Appendix to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Lauren N. Beebe
OFFICE OF THE U.S. ATTORNEY
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700

Eric M. Hurt
OFFICE OF THE U.S. ATTORNEY
One City Center
11815 Fountain Way, Suite 200
Newport News, Virginia 23606
(757) 591-4000

*Counsel for Appellee*

I further certify that on this 27th day of August, 2026, I caused a copy of the Sealed Volume of the Joint Appendix to be served, via FedEx, upon counsel for the Appellee, at the above address.

/s/ Paul G. Beers
*Counsel for Appellant*